**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS HACHENEY, | No. 16-35810 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-05492-RBL |
| v. | |
| MIKE OBENLAND, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 9, 2018**
Seattle, Washington

Before: RAWLINSON and CLIFTON, Circuit Judges, and FREUDENTHAL,***
Chief District Judge.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

Petitioner Nicholas Hacheney appeals the district court's denial of his petition for a writ of habeas corpus. He obtained a certificate of appealability (COA) on one claim, and has also briefed an uncertified claim. We affirm and decline to expand the scope of the COA.

Hacheney petitions for a writ of habeas corpus on the ground that the state trial court violated his Sixth Amendment Confrontation Clause rights by admitting a toxicology report and testimony relying on the report, even though the toxicologist who performed the analysis was not available to testify. The Washington Court of Appeals was the highest state court to hear this claim on the merits. Hacheney argues that the state court's decision to deny his Confrontation Clause claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1). However, when Hacheney's conviction became final, it was not clearly established 1) that reports that were not prepared specifically for use against a targeted defendant were testimonial; 2) that reports performed in connection with autopsies were testimonial; and 3) that a supervisor could not testify about reports performed by examiners that he oversaw.

Neither *Crawford v. Washington*, 541 U.S. 36 (2004), nor *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), the key Supreme Court cases that had been

2

decided when Hacheney's conviction became final in 2010, addressed these points. These cases established only that forensic reports may be testimonial, and if they are, a witness must appear to testify in person for the report to be admitted. *See Fluornoy v. Small*, 681 F.3d 1000, 1005 (9th Cir. 2012). Indeed, the Supreme Court's subsequent plurality decision in *Williams v. Illinois*, 567 U.S. 50 (2012), makes plain that the state court's decision was not contrary to clearly established law. The four-judge plurality opinion held that admission of a test that was not prepared to furnish evidence against a specific individual did not implicate the Confrontation Clause. *Id.* at 84. Hacheney was not a target of investigation when the toxicology report was prepared. The state court therefore did not unreasonably apply clearly established law by denying Hacheney's Confrontation Clause claim.

We treat Hacheney's uncertified claim as a motion to expand the COA. *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014). We decline to expand Hacheney's COA because Hacheney has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Hacheney requests that we expand the COA to include an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). However, the record reflects that his trial counsel conducted a reasonable investigation into his purported alibi and then made appropriate tactical choices about how best to rebut the state's evidence.

His counsel's conduct thus was not deficient, as it fell "within the wide range of reasonable professional assistance." *Id.* at 689.

**AFFIRMED**.